**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 7, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Re:  *Twitter, Inc. v. Elon R. Musk et al.*,
C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter decision resolves the Motion for Leave to Amend Defendants' Verified

Counterclaims, Answer, and Affirmative Defenses and Motion to Extend Case Schedule

filed by Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc.

("Defendants") on August 29, 2022.[1]  Plaintiff Twitter, Inc. filed its opposition on

September 3, 2022,[2] Defendants filed their reply on September 5, 2022,[3] and I heard oral

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 282 ("Mot. to Amend").

[2] Dkt. 390 ("Opposition").

[3] Dkt. 405.

argument on September 6, 2022. I assume that the reader is familiar with the background of this dispute and will skip to the facts germane to the motion at issue.

On July 6, 2022, former Twitter employee Peiter "Mudge" Zatko filed a whistleblower complaint with various federal authorities (the "Whistleblower Complaint").[4] The Washington Post published the Whistleblower Complaint on August 23, 2022. Defendants have represented to the court that "Defendants had no awareness of and never reviewed the Whistleblower Complaint until it was reported by the Washington Post on August 23, 2022."[5] On August 29, 2022, Defendants sent Twitter a letter purporting to terminate the merger agreement on new grounds, claiming that the allegations in the Whistleblower Complaint, "if true, demonstrate that Twitter has breached the . . . provisions of the Merger Agreement."[6] Defendants moved to amend their counterclaims later that night to assert additional claims based on the Whistleblower Complaint. They simultaneously requested that the court bump trial, which is presently scheduled to begin on October 17, to mid-November.

Defendants' motion to amend is granted. Court of Chancery Rule 15(a) provides that leave to amend should be "freely given when justice so requires."[7] This court interprets Rule 15(a) to "allow for liberal amendment in the interest of resolving cases on

---

[4] Dkt. 244, Ex. A.

[5] Mot. to Amend ¶ 24.

[6] Opposition, Ex. 16 at 2–5.

[7] Ct. Ch. R. 15(a).

the merits."[8]   Leave to amend is typically granted unless the non-moving party can establish "undue prejudice, undue delay, bad faith, dilatory motive or futility."[9]   This court rarely declines amendments under Rule 15(a) based on futility.[10]   Such arguments require the court to assess the merits of a claim on a highly truncated posture and before such claim has been pled; such arguments are therefore antithetical to the policy of resolving cases on the merits.[11]

The newly published Whistleblower Complaint would be grounds in most instances to permit an amendment under the low bar of Rule 15(a).   Twitter argues that the amendment would be futile, but their arguments falter against the exceedingly movant-friendly standard of Rule 15(a).   I am reticent to say more concerning the merits of the counterclaims at this posture before they have been fully litigated.   The world will have to wait for the post-trial decision.

Twitter also argues that the amendment would be prejudicial to the extent it would expand discovery and extend the case schedule, and Twitter's arguments to this effect are

---

[8] *Gould v. Gould*, 2011 WL 141168, at *7 (Del. Ch. Jan. 7, 2011).

[9] *In re TGM Enters.*, *L.L.C.*, 2008 WL 4261035, at *2 (Del. Ch. Sept. 12, 2008) (quoting *Cantor Fitzgerald, L.P. v. Cantor*, 1999 WL 413394, at *2 (Del. Ch. June 15, 1999)).

[10] *See, e.g., In re Trust for Gore*, 2010 WL 5561813, at *2 (Del. Ch. Dec. 23, 2010) (granting leave to amend to add a claim because the claim was supported by "at least an arguable interpretation of the facts").

[11] *See NACCO Indus., Inc. v. Applica Inc.*, 2008 WL 2082145, at *1 (Del. Ch. May 7, 2008) ("Rule 15(a) reflects the modern philosophy that cases 'are to be tried on their merits, not on the pleadings.'  Therefore, courts generally will not test the sufficiency of the pleadings in ruling on a motion to amend." (quoting *In the Matter of Transamerica, Inc.*, 2006 WL 587846, at *2 (Del. Ch. Feb. 28, 2006))).

far more forceful than Twitter's futility arguments. But that prejudice can be mitigated by cabining additional discovery to the new allegations and maintaining the existing case schedule. So that is what I will do.

Defendants are permitted only incremental discovery relevant to the new allegations. That discovery can be made through targeted document discovery and minimal additional experts and fact witnesses. The parties are ordered to confer immediately to attempt to negotiate reasonable parameters for the additional discovery.

Defendants' motion to extend the case schedule is denied. "A trial judge has broad discretion to control scheduling and the court's docket."[12] In arguing that trial should be delayed by at least four weeks, Defendants contend that no external deadline creates any urgency. They observe that the merger agreement's "termination date of October 24, 2022 is automatically stayed if litigation is commenced, and debt financing has an outside date of April 25, 2023."[13] They adduce, therefore, that "any prejudice to Twitter can be easily mitigated by . . . continu[ing] the trial date."[14] But the opposite is true. I previously rejected Defendants' arguments in response to Twitter's motion to expedite, making clear that the longer the delay until trial, the greater the risk of irreparable harm to Twitter.[15] Indeed, Twitter has represented that the anticipated risk of harm has materialized over the course

---

[12] *Goode v. Bayhealth Med. Ctr., Inc.*, 931 A.2d 437, 2007 WL 2050761, at *3 (Del. July 18, 2007) (TABLE).

[13] Mot. to Amend. ¶ 8.

[14] *Id.* ¶ 37.

[15] Dkt. 103 at 63.

of this litigation. Twitter "has suffered increased employee attrition," which "undermin[es] the company's ability to pursue its operations goals. The company has been forced for months to manage under the constrains of a repudiated merger agreement, including Defendants' continued refusal to provide any consents for matters under the operating covenants."[16] I am convinced that even four weeks' delay would risk further harm to Twitter too great to justify.

In maintaining the case schedule, I am further comforted by the fact that Twitter has represented that it can handle reasonable requests for additional discovery while maintaining the October 17 trial date.[17]

IT IS SO ORDERED.

Sincerely,

/s/ Kathaleen St. Jude McCormick

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[16] Opposition ¶ 26.

[17] *Id.* ¶ 40.